IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

DAVID SABASTIAN ERNESTO RODRIGUEZ ROJAS,                    PETITIONER
A# 246-603-301

V.                                                CIVIL NO. 5:26-cv-113-DCB-BWR

WARDEN, ET AL.                                                 RESPONDENTS

<u>ORDER OF DISMISSAL WITHOUT PREJUDICE</u>

This matter is before the court sua sponte.   After consideration of the record in this case and relevant legal authority, the Court finds that this civil action should be dismissed.

I.    Background

On March 2, 2026, pro se Petitioner David Sabastian Ernesto Rodriguez Rojas ("Petitioner") filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, while detained at the Adams County Correctional Center in Natchez, Mississippi.   Petitioner failed to sign the declaration page of his Petition or pay the filing fee or file a Motion for Leave to Proceed *In Forma Pauperis* ("IFP"). Therefore, on March 4, 2026, the Court entered two Orders.   The first Order [2] required Petitioner, on or before March 24, 2026, to complete the relief section and sign the declaration page of his Petition.   The second Order [3] directed Petitioner, on or before April 2, 2026, to pay the filing fee or move for leave to proceed *in forma pauperis*.   The copy of this second Order [3] also contained a blank IFP application. The Orders warned Petitioner that his failure to keep the Court informed of his

current address or his failure to comply with any order of this court would result in the dismissal of this case.    On April 6, 2026, the postal service returned both Orders as undeliverable.    Ret. Mail [4],[5].

When Petitioner did not comply or otherwise respond, the Court entered an Order to Show Cause [6] directing Petitioner to show cause why the action should not be dismissed for failure to comply with two Court Orders.    The Order to Show Cause directed Petitioner to comply on or before April 24, 2026, and warned Petitioner that his failure to comply or keep the Court informed of his current address would result in the dismissal of this case.    Petitioner did not respond.

Since Petitioner is proceeding pro se, the Court provided him with one final opportunity to comply with the Court's Orders prior to dismissal of this case.    On April 28, 2026, the Court entered a Second Order to Show Cause [7] directing Petitioner to comply on or before May 12, 2026.    Like the prior Orders, the Court warned Petitioner that his failure to keep the Court informed of his current address or his failure to comply would result in the dismissal of this case without further notice.

On May 1, 2026, the postal service returned the envelope containing the Order to Show Cause [6] as undeliverable.    Ret. Mail. [8].    On May 11, 2026, the postal service returned the envelope containing the Second Order to Show Cause [9] as undeliverable.    Ret. Mail. [9].    To date, Petitioner has not responded to any court order or otherwise contacted the Court.

II.    Discussion

2

The Court has the authority to dismiss an action for a petitioner's failure to prosecute or to obey a court order under Federal Rule of Civil Procedure 41(b) and the Court's inherent authority to dismiss the action sua sponte.   *Link v. Wabash R.R.*, 370 U.S. 626, 630–31 (1962); *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) ("Under Rule 41(b), a district court may dismiss an action sua sponte if the plaintiff fails to comply with court orders.").   This authority extends to habeas corpus petitions and includes dismissal for an inmate's failure to pay the filing fee.   *See Davis v. Gordon*, 75 F. App'x 261 (5th Cir. 2003) (affirming sua sponte dismissal of pro se habeas petition for failure to pay the filing fee); *Martinez v. Johnson,* 104 F.3d 769, 772–73 (5th Cir. 1997) (affirming dismissal of pro se habeas petition for failure to prosecute under Fed.R.Civ.P.41(b), noting "where there are procedural gaps in the habeas rules, the district courts have broad discretion to apply the Federal Rules of Civil Procedure").

The Court must be able to clear its calendar of cases that remain "dormant because of the inaction or dilatoriness of the parties seeking relief[,] . . . so as to achieve the orderly and expeditious disposition of cases."   *Link*, 370 U.S. at 630–31. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."   *Id.* at 629–30.

Petitioner has not informed the Court of his current address, and he has not complied with four court orders.   The Court repeatedly warned Petitioner that failure to comply with a court order or failure to keep the Court informed of his

3

current address would result in dismissal of this case without further notice.   *See* Orders [7, 6, 3, 2]; Notice of Assignment [1-3].   The Court's repeated warnings did not "prompt diligent prosecution," instead such efforts "proved to be futile." *Vafaiyan v. Target*, 251 F. App'x 862, 863 (5th Cir. 2007) (citing *Berry v. CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)).   It is apparent that Petitioner no longer wishes to pursue this lawsuit.   Dismissal without prejudice is warranted.

III.   Conclusion

For the reasons stated herein, pro se Petitioner David Sabastian Ernesto Rodriguez Rojas's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 is dismissed without prejudice.

IT IS, THEREFORE, ORDERED AND ADJUDGED that this civil action is dismissed without prejudice for failure to obey the Court's Orders and to prosecute. A separate final judgment will enter pursuant to Federal Rule of Civil Procedure 58.

SO ORDERED, this the   21st   day of May, 2026.

s/David Bramlette
UNITED STATES DISTRICT JUDGE

4